# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge William J. Martínez

Civil Action No. 16-cv-2587-WJM-MJW

A.O. SMITH CORPORATION, a Delaware corporation,

    Plaintiff,

v.

USA SMITH INDUSTRY DEV. INC., a Colorado corporation,

    Defendant.

## ORDER GRANTING DEFAULT JUDGMENT MOTION IN PART

Before the Court is Plaintiff's Motion for Default Judgment. (ECF No. 11.) For the reasons explained below, this motion is granted in part and denied in part.

## I. LEGAL STANDARD

Default must enter against a party who fails to appear or otherwise defend a lawsuit. Fed. R. Civ. P. 55(a). Pursuant to Rule 55(b)(1), default judgment must be entered by the Clerk of Court if the claim is for "a sum certain"; in all other cases, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). "[D]efault judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights. The default judgment remedy serves as such a protection." *In re Rains*, 946 F.2d 731, 732–33 (10th Cir. 1991) (internal quotation marks and citation omitted).

However, "a party is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the 'sound judicial discretion' of the court." *Greenwich Ins. Co. v. Daniel Law Firm*, 2008 WL 793606, at *2 (D. Colo. Mar. 22, 2008) (internal quotation marks omitted). Before granting a motion for default judgment, the Court must take several steps. First, the Court must ensure that it has personal jurisdiction over the defaulting defendant and subject matter jurisdiction over the action. *See Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202–03 (10th Cir. 1986). Next, the Court should consider whether the well-pleaded allegations of fact—which are admitted by the defendant upon default—support a judgment on the claims against the defaulting defendant. *See Fed. Fruit & Produce Co. v. Red Tomato, Inc.*, 2009 WL 765872, at *3 (D. Colo. Mar. 20, 2009) ("Even after entry of default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment."). "In determining whether a claim for relief has been established, the well-pleaded facts of the complaint are deemed true." *Id.* (citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)).

## II. BACKGROUND

Given Defendant's failure to appear and answer, the Court finds the following to be undisputed.

Plaintiff is a Delaware corporation headquartered in Wisconsin. (ECF No. 1 ¶ 1.) Plaintiff manufactures and sells hot water heaters worldwide. (*Id.* ¶ 3.) Plaintiff owns several United States trademark registrations based on its name, as associated with

water heaters, electrical boilers, and heating boilers. (*Id.* ¶ 5.) "In China, Plaintiff owns more than 100 trademark registrations that incorporate 'Smith' in either English or Chinese, and began using the A. O. Smith mark in China in the 1990s." (*Id.* ¶ 4.)

Defendant's principal office is in China, and is a competitor in the hot water heater market there. (*Id.* ¶¶ 9, 31, 44.) Defendant, however, is a registered Colorado corporation, ostensibly with a registered agent, "Aixia Zhang," in Durango. (*Id.* ¶¶ 7, 10.) The address listed for Zhang is a single-family home, and the occupants of that home have never heard of Zhang or Defendant. (ECF No. 11-2 ¶¶ 4–5.) Defendant does not actually maintain a registered agent in Colorado. (ECF No. 1 ¶ 15.) It does not manufacture any products in the United States, and has no true headquarters here. (*Id.* ¶ 33.)

Defendant was, in fact, incorporated in Colorado for the purpose of deceiving Chinese consumers into believing that Defendant's products are associated with or approved by Plaintiff. Defendant carries out this deception in two principal ways. First, it uses its Durango address on promotional materials, thus creating the impression that it is a bona fide United States company. (*Id.* ¶¶ 13, 32.) Second, its Chinese mark is "NOSMSE." (*Id.* ¶ 30.) "[T]he 'SMSE' portion of the 'NOSMSE' infringing mark is identical to the Chinese characters for 'Smith' that A. O. Smith uses [in its own Chinese mark]." (*Id.*) Moreover, "A. O. SMITH and NOSMSE sound similar when pronounced by native Chinese speakers." (ECF No. 15-2 ¶ 8.) The two marks, side by side, appear as follows:

3




"Defendant is not associated with, in any meaningful way, any individuals with the surname 'Smith.'" (*Id.* ¶ 35.) Defendant's tactics have misled Chinese consumers to believe that Defendant is affiliated with Plaintiff, thus diverting hot water heater sales away from Plaintiff. (*Id.* ¶¶ 37–38.)

### III. ANALYSIS

Plaintiff pleads causes of action for trademark infringement, trademark dilution, and unfair competition under the Lanham Act; and for common-law unfair competition, unjust enrichment, and tortious interference with prospective economic advantage. (*Id.* at 8–12.) Concerning its Lanham Act trademark infringement claim, Plaintiff seeks damages and an injunction. As for the remainder of the claims, Plaintiff seeks only an injunction, given that any damages awarded would be duplicative of those awarded for trademark infringement. (ECF No. 11-1 at 7.)

**A. Subject Matter Jurisdiction**

Plaintiff brings this action principally under the Lanham Act, and thus invokes this Court's federal question jurisdiction. 28 U.S.C. § 1331. However, Plaintiff is seeking redress for trademark infringement occurring entirely within China. Some courts have

held that the extraterritorial reach of the Lanham Act implicates a federal court's subject matter jurisdiction. *See, e.g.*, *McBee v. Delica Co., Ltd.*, 417 F.3d 107, 117 (1st Cir. 2005). The Tenth Circuit has never ruled on this issue. This Court agrees with the Ninth Circuit's more-recent conclusion, however, that the extraterritorial reach of the Lanham Act goes to the merits of a trademark claim, not the Court's jurisdiction to hear the claim. *Trader Joe's Co. v. Hallatt*, 835 F.3d 960, 966–68 (9th Cir. 2016). This Court accordingly possesses subject matter jurisdiction over this dispute.

**B.     Personal Jurisdiction**

This Court obtains personal jurisdiction when a plaintiff serves process on a party "who is subject to the jurisdiction of a court of general jurisdiction" in Colorado. Fed. R. Civ. P. 4(k)(1)(A). A plaintiff may serve process by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state." *Id*. 4(e)(1).

> If a Colorado business entity
>
> > has no registered agent, or if the registered agent is not located under its registered agent name at its registered agent address, or if the registered agent cannot with reasonable diligence be served, the entity may be served by registered mail or by certified mail, return receipt requested, addressed to the entity at its principal address.

Colo. Rev. Stat. § 7-90-704(2). Plaintiff contacted the current resident of the Durango home that is supposedly the address of Defendant's registered agent and concluded that the registered agent is not located there. Plaintiff accordingly sent process by registered mail to Defendant's principal address, which is in China, on October 21, 2016. (ECF No. 8.) By statute, that service was deemed effective five days later.

5

Colo. Rev. Stat. § 7-90-704(2)(c).

Finally, there can be no dispute under the Fourteenth Amendment's Due Process Clause that a corporation incorporated in Colorado is subject to the jurisdiction of a court of general jurisdiction in Colorado. Thus, this Court has personal jurisdiction over Defendant.

**C.     Liability**

Plaintiff's well-pleaded allegations, taken as true, establish that Defendant is liable to Plaintiff on all of its causes of action. In particular, the Court finds that Defendant's mark is likely to cause confusion and mistake and to deceive consumers into concluding that Defendant's water heaters are somehow affiliated with or approved by Plaintiff.

To the extent that the extraterritorial nature of the infringement requires Plaintiff to show a substantial effect on United States commerce, *see Int'l Acad. of Bus. & Fin. Mgmt., Ltd. v. Mentz*, 2013 WL 212640, at *5 (D. Colo. Jan. 18, 2013), Plaintiff has plausibly alleged a substantial effect on its business in the United States as a consequence of Defendant's infringement in China. (ECF No. 19 at 6–8.)

**D.     Damages**

As noted above, Plaintiff seeks damages only under its first cause of action for Lanham Act trademark infringement. Plaintiff claims that it is entitled to statutory damages because Defendant has used "counterfeit marks." (ECF No. 11-1 at 6.) *See also* 15 U.S.C. § 1117(c) (permitting trademark holder to elect statutory damages "[i]n a case involving the use of a counterfeit mark"). "A 'counterfeit' is a spurious mark which

is identical with, or substantially indistinguishable from, a registered mark." 15 U.S.C. § 1127.

Although the Court agrees that Defendant's mark is confusingly similar to Plaintiff's, Plaintiff has not carried its burden to show that Defendant's mark is a "counterfeit." First, the two marks are not identical. Second, on this record the Court cannot say that they are "substantially indistinguishable." The Court understands that "A. O. SMITH and NOSMSE sound similar when pronounced by native Chinese speakers." (ECF No. 15-2 ¶ 8.) But this does not establish that native Chinese speakers cannot perceive a substantial distinction between the two marks depicted above, or between "A. O. SMITH" and "NOSMSE" generally. Conceivably, Chinese speakers who are unfamiliar with the Roman alphabet may have difficulty seeing that "NOSMSE" and "A. O. SMITH" are significantly different, but Plaintiff has not argued as much. And any such argument would still need to account for the presence of Chinese characters displayed along with the Roman characters, *i.e.*, whether the Chinese characters make the marks distinguishable despite the allegedly indistinguishable Roman characters.

Accordingly, Plaintiff has not established its entitlement to statutory damages. It has made no argument concerning actual damages. The Court therefore declines to award monetary damages.

**E.     Injunctive Relief**

Plaintiff requests a broad permanent injunction against Defendant. (*See* ECF No. 11-5 ¶ 4.) The Court finds it appropriate to enjoin Defendant from using "Smith," "USA Smith," or "NOSMSE" in commerce related to water heaters, electrical boilers, or

heating boilers—the sorts of products to which Plaintiff's trademark protection extends. (*Cf. id*. ¶ 4(a).) The Court also finds it appropriate to enjoin Defendant from representing that it has "headquarters" anywhere in the United States (at least until it can prove that it has established a bona fide United States headquarters). (*Id*. ¶ 4(d).)

The Court will not, however, enjoin Defendant "[f]rom committing any acts calculated to cause consumers" to believe its products are associated with Plaintiff's, or "[f]rom unfairly competing with Plaintiff." (*Id*. ¶ 4(b)–(c).) Such an injunction would not be specific enough under Federal Rule of Civil Procedure 65(d)(1), and therefore essentially unenforceable.

The Court will not enjoin Defendant to "immediately disclaim all rights in the A. O. Smith mark and to file with this Court [proof of such disclaimer]." (*Id*. ¶ 4(e).) Such a requirement would be futile in the present circumstances.

The Court will not enjoin Defendant to change its corporate name to something that does not include the word "Smith." (*Id*. ¶ 4(f).) Plaintiff's trademark protection does not entitle it to prevent the existence of corporations that use "Smith" in their corporate name, even Chinese corporations that are very likely have nothing to do with anyone named "Smith."

Finally, the Court will not declare that Defendant's incorporation was void *ab initio* and that its certificate of incorporation be cancelled. (*Id*. ¶ 4(g).) The Colorado Attorney General may institute an action to dissolve a corporation for having obtained its articles of incorporation through fraud, or for abuse of corporate authority, *see* Colo. Rev. Stat. § 7-114-301(1), but the Court could find no authority permitting it to grant

such relief. In addition, the Colorado Secretary of State may declare a corporation delinquent for failure to maintain an agent in Colorado, *see id*. §§ 7-90-901(1)(c) & -902(1), but nothing in those statutes permits this Court to do the same.

**F.     Attorneys' Fees**

The Court may award reasonable attorneys' fees to Plaintiff "in exceptional cases." 15 U.S.C. § 1117(a). "The Lanham Act does not define what is an 'exceptional; case, but [the Tenth Circuit has] determined it occurs when a trademark infringement is malicious, fraudulent, deliberate, or willful." *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1232 (10th Cir. 2000). On this record, the Court finds that Defendant engaged in a deliberate and fraudulent scheme to trade on Plaintiff's goodwill by creating a confusingly similar mark likely to deceive Chinese consumers into believing that Defendant's water heaters were at least associated with or endorsed by Plaintiff. Thus, this is an "exceptional case."

However, a party seeking attorneys' fees has the burden to "prove and establish the reasonableness of each dollar, each hour, above zero," and bears the burden of providing the required documentation and demonstrating that the fees requested are reasonable. *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1201 (10th Cir. 1986). The best evidence of reasonable fees is "meticulous time records that 'reveal . . . all hours for which compensation is requested and how those hours were allotted to specific tasks.'" *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995) (quoting *Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir. 1983)). Plaintiff has submitted only a one-page tabular summary of fees, broken down only into total hours worked by "Legal

9

Assistance," "Partner," "Associate," and "IP Expert Outside Counsel." (ECF No. 11-4 at 2.) This is not sufficient. Plaintiff's request for attorneys fees is therefore denied without prejudice to filing an appropriate fees motion. Plaintiff shall not claim any fees associated with preparing its supplemental brief (see ECF Nos. 18–19) or in preparing the fees motion, given that Plaintiff should have included this material in its original motion for default judgment.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's Motion for Default Judgment (ECF No. 11) is GRANTED IN PART to the extent stated below, and otherwise DENIED;

2. The Clerk shall enter a Final Judgment and Permanent Injunction in Plaintiff's favor, enjoining Defendant and its officers, agents, servants, employees, and attorneys from (a) using in any manner "Smith," "USA Smith," or "NOSMSE" in connection with the marketing and/or sale of water heaters, electrical boilers, and/or heating boilers; or (b) representing that it has "headquarters" in Durango, in the State of Colorado, or anywhere in the United States of America;

3. Plaintiff shall have its reasonable attorneys' fees upon compliance with Federal Rule of Civil Procedure 54(d)(2) and D.C.COLO.LCivR 54.3;

4. Plaintiff shall have its costs upon compliance with D.C.COLO.LCivR 54.1; and

5. The Clerk shall terminate this case.

Dated this 22nd day of May, 2017.

BY THE COURT:

William J. Martínez
United States District Judge